**Mulyadi FNU, Petitioner,**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 06–4611.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 10, 2008.

Filed: April 24, 2008.

Sigang Li, Esq., Philadelphia, PA, for Petitioner.

Ada E. Bosque, Esq., Paul F. Stone, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FUENTES, CHAGARES and ALDISERT, Circuit Judges.

OPINION

FUENTES, Circuit Judge.

Petitioner Mulyadi Fnu, a native and citizen of Indonesia, entered the United States on June 11, 2000 as a non-immigrant visitor with a 6–month visa. Mulyadi overstayed his visa, and on March 10, 2003, the government served him with a Notice to Appear ("NTA") charging him with removability. Mulyadi conceded removability and filed an application for withholding of removal and, in the alternative, voluntary departure. The Immigration Judge ("IJ") denied Mulyadi's application for withholding of removal, finding

him not credible. The IJ also denied Mulyadi's application for voluntary departure because she concluded that Mulyadi's claim was meritless, he was unresponsive to questions about whether he was able to voluntarily depart, and he showed no interest in complying with the voluntary departure requirements. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision, and Mulyadi filed a timely petition for review.

While we have jurisdiction over Mulyadi's claim for withholding of removal pursuant to 8 U.S.C. § 1252, we lack jurisdiction to review the IJ's denial of voluntary departure. Accordingly, for the reasons that follow, we will dismiss the petition for review in part, and deny it in part.

### I.

As we write primarily for the parties, we recount only those facts that are helpful in our discussion of the case.

At a hearing before the IJ, Mulyadi testified that he was persecuted in Indonesia because he is Chinese and a Catholic. However, Mulyadi admitted that he is only one-fourth Chinese, and that other native Indonesians consider him to be a native Indonesian (and not Chinese). Mulyadi further testified that he was attacked in Indonesia during a series of riots in 1998 while driving his car. He stated that his attackers stopped the car, smashed the car window, dragged him from the vehicle, and drove off with his car. This 1998 attack constitutes the sole instance of persecution

testified to by Mulyadi during the removal proceedings.[1]

### II.

■ We review the decision of the immigration judge when the BIA has, as is the case here, affirmed the IJ's decision without comment. *See Abdulai v. Ashcroft*, 239 F.3d 542, n. 2 (3d Cir.2001). On appeal, Mulyadi challenges the IJ's decision on several grounds, claiming that the IJ erred because (1) her credibility determination was not supported by substantial evidence, (2) his application for withholding of removal was supported by substantial evidence, and (3) he was entitled to voluntary departure. We address each issue in turn.[2]

### A.

An IJ's credibility determination is reviewed for substantial evidence, and must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir.2004) (citing 8 U.S.C. 1252(b)(4)(B)).

An alien is entitled to withholding of removal if it is determined that his "life or freedom would be threatened ... because of [his] race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A); *Escobar v. Gonzales*, 417 F.3d 363, 365 (3d Cir.2005). It is the alien's burden to establish such entitlement; to do so, he or she must demonstrate past persecution or show both a

---

1. On appeal, Mulyadi makes a number of additional factual assertions for the first time. Our review, however, is limited to the record. 8 U.S.C. § 1252(b)(4)(A).

2. Mulyadi's brief also discusses claims for asylum and protection pursuant to the Convention Against Torture ("CAT"). However,

Mulyadi never petitioned for such relief; moreover, he did not argue to the BIA that the IJ erred by failing to consider these claims. Consequently, the Court has no jurisdiction to consider either claim. *See, e.g., Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir.2005).

"genuine fear" of future persecution, and "that a reasonable person in [his or] her circumstances would fear persecution if returned to [his or] her native country." *Mulanga v. Ashcroft*, 349 F.3d 123, 132–33 (3d Cir.2003) (citing *Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir.2003)). We review the IJ's finding of fact that Mulyadi did not demonstrate either past persecution or a genuine fear of future persecution for substantial evidence. *See Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002).

■ Here, the IJ found that Mulyadi did not provide credible testimony that he is a member of a protected group entitled to withholding of removal. Mulyadi claimed to belong to two such groups: he asserted that he is a practicing Catholic, and that he is ethnically Chinese. The IJ first considered Mulyadi's claim that he is a Catholic and concluded that he was not credible; she based this decision on the fact that Mulyadi failed to provide corroborating evidence to support his claim (for example, a letter from his local parish), and also that "with respect to [Mulyadi's] religion, initially during cross-examination, respondent testified that he did not attend church and then he later testified that he did attend church, including here in the United States." Appendix ("App.") at 43. Mulyadi's testimony with regard to his religion (which occurred during his direct examination, not on cross-examination) is as follows:

Q: Do you practice any religion in Indonesia?

A: ... Practice? I do not practice.

Q: Do you belong to a particular religion?

A: I do.

Q: What religion would that be?

A: Catholic.

Q: Did you ever attend church?

A: I do.

Q: And, do you still attend church?

A: Attend the church.

App. at 64. It may well be that Mulyadi simply did not understand his counsel's question about what it meant to "practice" a certain religion, but it is clear that he answered in the affirmative when his counsel rephrased the question as whether he "belong[ed]" to a certain religion. Consequently, we cannot say with confidence that substantial evidence supports the IJ's decision with regard to Mulyadi's credibility about his status as a practicing Catholic.

■ However, we need not dwell on this point because the IJ also found that Mulyadi did not provide credible testimony that he was ethnically Chinese. This determination, by contrast, is clearly supported by substantial evidence. Mulyadi himself admitted that, while he is one-quarter Chinese, he is perceived by others in Indonesia to be Indonesian, and has never been identified as ethnically Chinese.

■ Moreover, turning to the merits of his claim, Mulyadi has provided no evidence that he was persecuted due to his religion (or, for that matter, his ethnicity). To the contrary, Mulyadi testified that he did not know why he was car-jacked during the 1998 riots, that he was not attacked or harassed at any other time, and that his fear of future persecution is grounded only in vague concerns about general violence in Indonesia and not persecution on account of a protected characteristic. Consequently, it is clear that Mulyadi has failed to meet his burden to demonstrate either past persecution or genuine fear of future persecution. *See Mulanga*, 349 F.3d at 132–33. We find that the IJ's alternate holding that Mulyadi cannot demonstrate past persecution or genuine fear of future persecution to be supported by substantial evidence.

## B.

An IJ's decision to grant or deny an alien's request for voluntary departure is discretionary, and this Court does not have jurisdiction to review such a decision. *See* 8 U.S.C. 1229c(f); *see also Obale v. Attorney General*, 453 F.3d 151, 156 (3d Cir.2006) (holding that the "INA expressly precludes our jurisdiction to review either a denial or a grant of a request for voluntary departure."). Consequently, we do not have jurisdiction to review the IJ's decision to deny Mulyadi's request for voluntary departure.

## III.

For the reasons discussed above, we will dismiss Mulyadi's petition for review in part, and deny it in part.